**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GEORGE JOSEPH ORCHARD SIDING, INC., Respondent.**

No. 03–71401.

NLRB No. 19–CA–25003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Dec. 9, 2004.

Paul Eggert, Esq., National Labor Relations Board Regional Director, Region 19, Seattle, WA, for Petitioner–Appellant.

Aileen A. Armstrong, Esq., National Labor Relations Board Office of the General Counsel, Washington, DC, Paul M. Ostroff, Esq., Lane Powel Spears Lubersky L.L.P, Portland, OR, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, and BROWNING and TASHIMA, Circuit Judges.

MEMORANDUM *

The National Labor Relations Board (the "Board") applies for enforcement of its order against George Joseph Orchard

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Siding, Inc. ("Orchard"). An Administrative Law Judge ("ALJ") found that Orchard violated Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (3), by engaging in surveillance of employees' attendance at union meetings and laying off or failing to recall 15 employees. The Board affirmed the ALJ's decision and adopted his recommended order with minor modifications. The Board ordered Orchard to cease and desist from engaging in unlawful conduct and to take affirmative remedial action.

■ We have jurisdiction over the Board's enforcement application under 29 U.S.C. § 160(e). We uphold a decision of the Board that correctly applies the law, if substantial evidence supports its findings of fact. *NLRB v. Int'l Bhd. of Elec. Workers, Local 48,* 345 F.3d 1049, 1053–54 (9th Cir.2003). Credibility findings warrant special deference, and we reject such findings only when a clear preponderance of the evidence demonstrates that they are incorrect. *Underwriters Labs., Inc. v. NLRB,* 147 F.3d 1048, 1051 (9th Cir.1998).

■ Orchard challenges the Board's acceptance of the ALJ's credibility determinations. The ALJ's findings relied on the testimony of Gloria Gutierrez, which he credited over the conflicting testimony of Orchard managerial employees. He found that Gutierrez had a superior demeanor to those witnesses offering contradictory testimony. None of the inconsistencies that Orchard points to precludes such a finding.

We thus agree with the Board that substantial evidence supports the ALJ's credibility determinations. The Board's application for enforcement is therefore

GRANTED.

of this circuit except as provided by Ninth Circuit Rule 36–3.